UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

BRENDA MATUTE, an individual, on
behalf of herself and all others similarly situated,

    Plaintiff,

v.

                                                   **COMPLAINT - CLASS ACTION**

MAIN STREET ACQUISITION CORP.,
a foreign corporation,
and JOHN DOES 1-10,

    Defendants.
_____/

**CLASS ACTION COMPLAINT SEEKING STATUTORY DAMAGES AS
WELL AS INJUNCTIVE, DECLARATORY AND EQUITABLE RELIEF
JURY DEMAND**

    1.    On behalf of the putative class, Plaintiff, BRENDA MATUTE, alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Florida Consumer collection Practices Act, Fla. Stat. 559.55 *et seq*. ("FCCPA"). Simply put, Defendant, MAIN STREET ACQUISITION CORP., has filed hundreds of consumer debt collection lawsuits against Florida consumers without first obtaining a license to collect consumer debts in the State of Florida as mandated by § 559.553 of the Florida Consumer Collection Practices Act ("FCCPA"). Defendants JOHN DOES 1-10 have unlawfully assisted and

unjustly profited from MAIN STREET ACQUISITION CORP.'s illegal debt collection activities.

On March 30, 2010, the Eleventh Circuit unequivocally pronounced that the failure to register oneself in the State of Florida as a "Consumer Collection Agency" constitutes a valid basis for an alleged violation of the FDCPA. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").

Plaintiff maintains that Defendants' actions are unconscionable. *See* Fla. Stat. § 559.785 stating that it is a misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering." As such, Plaintiff, on behalf of the putative class, seeks statutory damages under the FDCPA, as well as statutory damages, injunctive and equitable relief under the FCCPA. Ultimately, Plaintiff seeks a judgment for the total dollars unlawfully collected by Defendants from the members of the putative class over the last four years.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because

Plaintiff resides here and Defendants do business in this District.  With respect to Count III, this Court also has jurisdiction under 28 U.S.C. § 1332(d).  The total amount in controversy for Count III exceeds $5 million dollars exclusive of interest and costs.

## PARTIES

3. Plaintiff, BRENDA MATUTE (MS. MATUTE), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, MAIN STREET ACQUISITION CORP. ("MAIN STREET"), is a foreign corporation believed to be registered in Nevada and conducting business from offices located at 3715 Davinci Court, Suite 200, Norcross, Georgia 30092.  Upon information and belief, Defendant is a corporate citizen of both Nevada and Georgia.

5. Defendants, JOHN DOES 1-10, are those debt collectors who facilitate and profit from MAIN STREET's unlawful debt collection activities as described herein, and include, but are not limited to, MAIN STREET's debt collectors, debt collector attorneys, debt collector law firms, and debt collector officers and directors of MAIN STREET.

6. Defendant MAIN STREET is not registered as a "Consumer Collection Agency" as required by Florida law.

7. Defendant MAIN STREET purchases defaulted upon consumer credit card debts and files suit upon said debts in various Florida County Courts to collect said debts.

8. All Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

9. That consumers responding to the lawsuits filed by MAIN STREET are directed to contact MAIN STREET or its debt collector attorneys and often do so by mail and/or telephone.

10. At all times material to the allegations of this complaint, all Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

11. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

12. Defendants sought to collect an alleged debt from Plaintiff arising from Plaintiff's use of "HSBC Bank Nevada, N.A." credit card issues by and used by Plaintiff for personal, family or household purposes, including but not limited to, the purchase of such things as clothes, groceries, personal gifts, and travel-related expenses.

13. That the original credit card issuer, HSBC Bank Nevada, N.A., solicits its credit-related products to Florida consumers, often through its affiliated company, HSBC Bank USA, N.A., which has numerous offices located throughout the State of Florida.

14. On or about August 1, 2011[1], MAIN STREET served a lawsuit upon Plaintiff with respect to a case filed in Broward County Court; the alleged debt at issue, according to the state court lawsuit, was less than $5,000.00 dollars exclusive of interest, costs, and attorney's fees.

15. That Florida law specifically and unequivocally states: *[a]fter January 1, 1994, no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection*

---

[1] Notably, the state court lawsuit was filed more than a year after the Eleventh Circuit's decision in *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

*agency without first registering in accordance with this part, and thereafter maintaining a valid registration.* Fla. Stat. § 559.553(1).

16. That based upon an online license search conducted on November 4, 2011 at the website maintained by the Florida Office of Financial Regulation, Defendant MAIN STREET was not licensed to collect consumer debts in the State of Florida until October 19, 2011. See Exhibit "A" attached hereto. Plaintiff is unaware of the current validity of said license.

17. That Plaintiff maintains that the filing of a lawsuit as well as Defendant MAIN STREET's previous and subsequent collection activities were unlawful; Plaintiff has filed the instant lawsuit alleging that any and all of MAIN STREET's debt collection activities taken against her over the past year were in direct violation of the FDCPA.

18. Defendant MAIN STREET and Defendants JOHN DOES 1-10 knew or should have known that MAIN STREET was not licensed as a Consumer Collection Agency.

19. Upon information and belief, Plaintiff contends that MAIN STREET has filed hundreds, if not thousands, of similar suits across the State of Florida without first obtaining the aforementioned license.

6

20. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

21. The state court action filed by MAIN STREET is void *ab initio* as Florida state courts should not lend their aid to the enforcement of an action that is in fact barred by a Florida regulatory measure. *See generally*, *Cooper v. Paris*, 413 So.2d 772, 773 (Fla. 1st DCA 1982).

22. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (U.S. April 21, 2010).

## CLASS ACTION ALLEGATIONS

23. This action is brought on behalf of a class consisting of (i) all persons (ii) whom were the subject of collection activity from MAIN STREET or JOHN DOES 1-10 (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were sued, contacted by telephone, or sent demand letters not returned undelivered by the U.S. Post Office (v) during the one year period prior to the filing of the original complaint in this action through the date of certification for those acts which are in violation of the FDCPA and (vi) during the two year period prior to the filing of the original complaint in this action through

the date of certification for those acts which are in violation of the FCCPA (vii) and during the four year period prior to the filing of the original complaint in this action through the date of certification for those acts which are covered under Count III.

24. The instant action is also brought on behalf of a subclass which is defined as (i) all Florida citizens (ii) who paid money to MAIN STREET or JOHN DOES 1-10 (iii) in regard to an alleged debt (iv) during the four year period prior to the filing of the original complaint in this action through the date of certification for those acts which are covered under Count III.

25. Plaintiff alleges on information and belief based upon MAIN STREET's hundreds of filings of virtually identical lawsuits over the last year that the class is so numerous that joinder of all members of the class is impractical.

26. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member was subject to collection activity on behalf of MAIN STREET. The principal legal issues are whether Defendants' engaged in debt collection without the requisite license / registration in violation of both the FDCPA and FCCPA.

27. Plaintiff's claim is typical of those of the class members. All are based on the same facts and legal theories.

28. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

29. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. MS. MATUTE requests certification of a hybrid class under Rule 23(b)(3), Federal Rules of Civil Procedure, for monetary damages and pursuant to Rule 23(b)(2) for injunctive relief and equitable relief.

### COUNT I
### FAILURE TO OBTAIN A DEBT COLLECTION LICENSE AS MANDATED BY FLA. STAT. § 559.553 AND IN VIOLATION OF § 1692e OF THE FDCPA

31. On behalf of the putative class, Plaintiff incorporates Paragraphs 1 through 30.

32. Defendant MAIN STREET's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated various provisions of the Fair Debt Collection Practices Act, including the following: 15 U.S.C § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10). *See generally*, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take."). Defendants are directly liable for violating the aforementioned sections of the FDCPA as well as for aiding, abetting, facilitating and profiting from MAIN STREET's illegal debt collection activities.

33. WHEREFORE, Plaintiff, on behalf of the putative class, requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## STATUTORY DAMAGES, DECLARATORY RELIEF AND PERMANENT INJUNCTION UNDER THE FCCPA

34. On behalf of the putative class, Plaintiff incorporates Paragraphs 1 through 30.

35. Pursuant to 28 U.S.C §§ 2201 and 2202 and the FCCPA, Plaintiff, on behalf of the putative class, seeks a declaration that Defendants' practices are in violation of the FCCPA and FDCPA; specifically, Plaintiff alleges that Defendants have violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening "to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."

36. Plaintiff seeks a permanent injunction prohibiting Defendants from communicating directly with Plaintiff and the putative class members regarding the alleged debt.

37. The FCCPA provides for equitable relief, including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345 (S.D. Fla. 2008).

38. Plaintiff seeks both injunctive relief and equitable relief in accordance with her rights under both state and federal law on behalf of the putative class.

39. Plaintiff further seeks statutory damages under the FCCPA on behalf of the putative class.

40. WHEREFORE, Plaintiff, on behalf of the putative class, requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

   a. A Declaration that all Defendants have violated the FDCPA and FCCPA and that the subject debts sought by Defendants is legally unenforceable and void as a matter of law;

   b. Permanently enjoining Defendants and any other parties from collecting the subject debts;

   c. Statutory damages;

   d. Attorney's fees, litigation expenses and costs of suit; and

   e. Such other or further relief as the Court deems proper.

## COUNT III
## UNJUST EMRICHMENT

41. Plaintiff incorporates Paragraphs 1 through 30.

42. A member of the putative subclass has conferred a benefit on the Defendants; more specifically a payment towards a debt allegedly owned by MAIN STREET.

43. Defendants have knowledge of the benefit (i.e. the money paid by the consumer towards the alleged MAIN STREET debt).

44. Defendants have accepted or retained the benefits conferred (i.e. the above-referenced payment).

45. The circumstances are such that it would be inequitable for Defendants to retain the benefit without paying fair value for it.

46. WHEREFORE, Plaintiff, on behalf of the putative subclass, requests that the Court enter judgment in favor of Plaintiff and the subclass and against Defendants for:

    a. Actual damages; for the total dollars unlawfully collected by Defendants from the members of the putative class over the last four years

    b. Litigation expenses and costs of the instant suit; and

   c.  Such other or further relief as the Court deems proper.

# JURY DEMAND

Plaintiff demands trial by jury.

Dated this 4th day of November, 2011.

         Respectfully submitted,

         SCOTT D. OWENS, ESQ.
         *Attorney for Plaintiff*
         664 E. Hallandale Beach Blvd.
         Hallandale, FL 33009
         Telephone: 954-589-0588
         Facsimile: 954-337-0666
         scott@scottdowens.com

         By: /s/ *Scott D. Owens*
         Scott D. Owens, Esq.
         Florida Bar No. 0597651