# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-cv-62375-KMW

**BRENDA MATUTE**, an individual, and
**EARNEST MCDONALD**, an individual, on
behalf of themselves and all others similarly
situated,

      Plaintiffs,

v.

**MAIN STREET ACQUISITION CORP.,**

      Defendants.

## CLASS ACTION SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement" or "Settlement Agreement") is entered into as of this 6 day of December, 2013 by and between Plaintiffs, Brenda Matute and Earnest McDonald (together "Plaintiffs"), Scott D. Owens, P.A. and Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. (together "Class Counsel"), and Defendant, Main Street Acquisition Corp. ("Main Street") (each a "Party" and, collectively, the "Parties").

### RECITALS

WHEREAS, on November 4, 2011, Plaintiff Brenda Matute filed a putative class action complaint (hereinafter referred to as the "Lawsuit"), asserting claims against the Defendant under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Florida Consumer Collection Practices Act, Fla Stat. 559.55 et seq. ("FCCPA") and Florida common law;

WHEREAS, on October 2, 2012, the Court dismissed with prejudice the claims brought by Plaintiff Brenda Matute against the Defendant under the FCCPA and Florida common law;

1

WHEREAS, on May 18, 2013, Plaintiffs filed a Second Amended Class Action Complaint [D.E. 68] (the "Complaint") adding Plaintiff Earnest McDonald to the instant action asserting an unjust enrichment claim against the Defendant under the Florida common law;

WHEREAS, Plaintiffs alleged that (1) Defendant is a Consumer Collection Agency under Florida law that had filed lawsuits in Florida state court without maintaining the registration required by Fla. Stat. § 559.553(1) and (2) had collected monies from Plaintiff McDonald and Settlement Class Members during the period of time that it was not registered as a Consumer Collection Agency;

WHEREAS, Main Street Acquisition Corp.'s registration with the State of Florida as a Consumer Collection Agency became effective on October 19, 2011;

WHEREAS, Defendant has unequivocally denied, and continues to deny, each and every claim filed in the Complaint and all charges of wrongdoing or liability asserted against it arising out of any conduct, statements, acts or omissions alleged, or that could have been alleged, in the Lawsuit and believes that the claims asserted against it are without merit;

WHEREAS, since the filing of the Lawsuit, Plaintiffs and Defendant have investigated, advanced, and defended their respective positions vigorously. Each side has deposed the other party. Each side has conducted a thorough examination and investigation of the facts and law relating to the matters set forth in the Complaint; has conducted significant discovery, including: (a) Defendant and Plaintiffs serving and responding to each side's document requests and written interrogatories; (b) Defendants' production and Plaintiffs' receipt and review of documents;

WHEREAS, the Parties desire and intend to settle and resolve all of the claims asserted in the Lawsuit;

WHEREAS, the Parties wish to avoid the expense and uncertainty of litigation;

WHEREAS, the Parties believe that settlement by way of this Agreement is in their best interest;

WHEREAS, counsel for Plaintiffs have conducted an evaluation of the claims to determine how best to serve the interests of the Settlement Class Members;

WHEREAS, Class Counsel believes, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement, that the proposed class settlement provided in this Agreement is in the best interests of the Settlement Class Members and is a fair, reasonable, and adequate resolution of the Lawsuit;

WHEREAS, prior to entering into this Agreement, counsel for the Parties engaged in extensive arms-length negotiations, formal and informal discovery; and participated in two mediations;

WHEREAS, the Parties desire and intend to seek court approval of the settlement of the Lawsuit as set forth in this Agreement and, upon court approval, to seek a Final Order and Judgment from the Court dismissing with prejudice the Plaintiffs' and the Settlement Class Members' claims as set forth herein;

WHEREAS, the Parties and their counsel agree to recommend approval of this Agreement to the Court and to any regulatory authority responding to the proposed settlement per the Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA"), Pub. L. No. 109-2, 119 Stat. 4;

WHEREAS, the Parties agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of the settlement, and to oppose improper objections to the proposed settlement, including improper objections by any regulatory

authority after the CAFA notice is issued, and to oppose any appeals from any orders of final approval.

WHEREFORE, in consideration of the promises, representations, and warranties set forth, the Parties stipulate and agree:

1.     DEFINITIONS – The following definitions shall apply to this Agreement:

1.1.    "Settlement Class" or "Settlement Class Members" means all consumers in the State of Florida against whom a lawsuit to collect a consumer debt was commenced by Main Street Acquisition Corp. from November 4, 2007 through October 19, 2011 and who have not filed for bankruptcy protection.

1.2.    "Debt Collection Lawsuit" means a lawsuit filed in any Florida State court by Defendant against any Settlement Class Member during the period November 4, 2007 through October 19, 2011, both dates inclusive.

1.3.    "Effective Date" shall mean the first date after "Final Judgment Day" (as defined below) and after the Defendant fulfills their obligations required by this Agreement.

1.4.    "Final Judgment Day" shall mean the day upon which the Final Order and Judgment becomes "Final." The Final Order and Judgment shall become "Final" upon the expiration of any available appeal period following entry of the Final Order and Judgment. If any appeal from the Final Order and Judgment is filed, then Final Judgment Day shall be the first date after the conclusion of all appeals, so long as the Final Order and Judgment is not reversed or vacated.

1.5.    "Released Claims" shall mean all claims, actions, demands, causes of action, suits, obligations, and damages, rights or liabilities, of any nature and description whatsoever, that were asserted in the complaint and amended complaints filed in the Lawsuit. In

4

addition to releasing all claims for statutory damages and actual damages under the FDCPA, Fla. Stat. § 559, and unjust enrichment claims, relating to the claims asserted, Plaintiffs and the Settlement Class Members release all claims for compensatory damages, consequential damages, incidental damages, attorney's fees, punitive and exemplary damages that were asserted in the Complaint for the specific facts alleged. Released Claims further include the following:

        1.5.1.1.      interest, costs and fees arising out of any of the claims asserted in the Action;

        1.5.1.2.      Claims arising out of any of the facts, events, occurrences, acts or omissions complained of in the Lawsuit or other related matters that were or could have been brought against the "Released Parties" (as defined below), including claims relating to any alleged unlicensed or unregistered collection activity by Defendant;

        1.5.1.3.      Claims arising out of the prosecution or defense of the Lawsuit, including, but not limited to, claims related to the execution of this Agreement, such as claims of fraud in the inducement, negligent misrepresentation, or fraud, except that nothing herein releases any claim arising out of the violation or breach of this Agreement; and

        1.5.2.  Notwithstanding the foregoing, nothing in this Settlement Agreement shall be deemed a release of the Parties' respective rights and obligations under this Settlement Agreement.

        1.6.    "Released Parties" shall mean Defendant Main Street Acquisition Corp. and their past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company, and all

assigns, licensees, divisions, clients, joint ventures, and any entities directly or indirectly involved in the Lawsuit, and all of their subsidiary entities, and any other related entity.

1.7.   "Unknown Claims" shall mean any and all claims that Plaintiffs or any Class Member does not know or even suspect to exist against any of the Released Parties relating to this Lawsuit, which, if known, might have affected his or her decision regarding the settlement of the Lawsuit.  Plaintiffs further acknowledge, and the Settlement Class Members shall be deemed to acknowledge, that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release, but nevertheless fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed based upon actions or conduct occurring on or before the date of this Agreement, without regard to subsequent discovery or existence of such different or additional facts concerning each of the Released Parties.

2.   CLASS CERTIFICATION --

2.1.   Concurrent with seeking preliminary approval of the settlement, counsel for the Parties shall jointly seek certification under Fed. R. Civ. P. 23(b)(3) of the Class defined in ¶ 1.1 above.

2.2.   Class List – On or before December 10, 2013, Defendant shall provide Class Counsel a list, in Microsoft Excel format, of the Settlement Class Members, identifying each Settlement Class Member's name, last known address, current account balance for the debt that was the subject of a Debt Collection Lawsuit, and the total amount of any payments made by the Settlement Class Member after a Debt Collection Lawsuit was filed against the Class Member through and until October 19, 2011.  The Settlement Class Members' last known

address shall be provided in separate fields for (1) street name and number, (2) city, (3) state, and (4) zip code.

2.3.   Appointment of Class Representatives and Class Counsel -- It is hereby agreed for Settlement purposes only that Plaintiffs Matute and McDonald are adequate representatives for the Settlement Class. It is further agreed for settlement purposes only that Scott D. Owens of Scott D. Owens, P.A. and Seth Lehrman of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.A. are adequate Class Counsel.

2.3.1.   All Parties and their counsel shall use their best efforts to cause the Court to give Preliminary and Final Approval to this Settlement Agreement as promptly as possible, including, but not limited to, taking all steps contemplated by the Settlement Agreement to effectuate the Settlement contemplated herein on the stated terms and conditions and further to promptly obtain Final approval of the Settlement Agreement. Specifically, Ms. Matute, Mr. McDonald, and Class Counsel agree to recommend the Settlement Agreement as being in the best interests of the Settlement Class Members. No Settlement Class Member, however, shall be precluded from questioning or objecting to the Settlement Agreement at the Fairness Hearing notwithstanding Class Counsel's recommendations.

3.   ORDER OF PRELIMINARY APPROVAL – Within five (5) days of this Agreement, counsel for the Parties shall jointly request the Court enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as Exhibit 1.

4.   FINAL ORDER AND JUDGMENT --

4.1.   If the Court preliminarily approves the settlement, and all other conditions precedent to the settlement are satisfied, counsel for the Parties shall jointly request the Court enter a Final Order and Judgment in substantially the form attached as Exhibit 2.

4.2.     Upon entry of the Final Order and Judgment, the Parties expressly waive any and all rights to appeal any orders issued by the Court in connection with the Lawsuit

4.3.     Plaintiffs and Class Counsel agree that the execution of this Agreement, or any related documents, the certification of the class, and any other act taken or court paper filed in furtherance of this Agreement shall not be used to urge that a "litigation class" pursuant to Fed. R. Civ. P. 23 is appropriate.  In the event this settlement is not approved, the Defendants retain any and all rights to object to the maintenance of this action, or any other action, as a class action and to contest this action, or any other action, on any other grounds.

5.     ADMINISTRATION AND NOTIFICATION PROCESS –

5.1.     Defendant, shall administer or oversee the administration of the settlement, class notice(s), and Common Fund.  Defendant may directly administer the settlement and class notice(s) or may elect to have the administration done by a qualified administrator.

5.2.     Defendant's Counsel shall direct the class action administrator, as expeditiously as possible, but not to exceed 30 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement, to provide notice of the settlement to the Settlement Class Members as follows:

5.2.1.  Written Notice – The class action administrator shall send, via U.S. mail, a written notice of the proposed class action settlement to each Settlement Class Member in substantially the form attached as Exhibit 3.

5.2.2.  Address Updating/Mail Returns – Before sending the written notice required by the previous subparagraph, the class action administrator shall confirm and, if

necessary, update the addresses for the Settlement Class Members through the standard methodology that class action administrators currently use to update addresses.

   5.2.3. The Parties' obligation to provide notice of the proposed settlement will be considered fulfilled upon the mailing of the written notices by the class action administrator, regardless of whether any notice is returned as undelivered or for any other reason, except the class action administrator will forward any notices that are returned with a forwarding address and shall update the Settlement Class Member address list with all forwarding addresses.

  6.  REQUESTS FOR EXCLUSION AND OBJECTIONS –

   6.1. Class Counsel and Defendant's counsel shall jointly administer, or oversee the administration of, and the receipt of all requests for exclusion and objections from the Settlement Class Members.

   6.2. Any Settlement Class Member who desires to be excluded from the class must send a written request for exclusion to the class action administrator with a postmark date no later than 40 days after initial notice is mailed to Settlement Class Members. The re-mailing of notice shall not extend the time by which the 40 days is measured. The class action administrator shall provide a list of the names of each Settlement Class Member who submitted a timely exclusion to counsel for the Defendants and Class Counsel after the deadline passes. A copy of this list will be filed with the Court, along with the Parties' Motion for Final Approval of Class Action Settlement.

   6.3. In the written request for exclusion, the Settlement Class Member must set forth his or her full name, address, telephone number, and email address (if available), along with a statement that he or she wishes to be excluded.

6.4.     Any Settlement Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of this Agreement.

6.5.     When responding to any inquiry from a Settlement Class Member, Plaintiffs and Class Counsel will confirm they believe the settlement is fair and reasonable.

6.6.     Any Settlement Class Member who intends to object to the fairness of the settlement must file a written objection with the Court no later than 50 days after the initial notice is sent to Settlement Class Members. The re-mailing of notice shall not extend the time by which the 50 days is measured.  Further, any such Settlement Class Member must, within the same period, provide a copy of the written objection to Class Counsel and counsel for the Defendant at the addresses provided in the Class Notice.

6.7.     In the written objection, the Settlement Class Member must state: his or her full name, address, telephone number and email address (if available); the facts which qualify him/her as a Settlement Class Member; the reasons for his or her objection; and, whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel and any other information that may be required by the Court.

6.8.     Any Settlement Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise.

7.     FAIRNESS HEARING

7.1.     Subject to the Court's calendar and approval, a Fairness Hearing will be conducted regarding the settlement within 10 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement, or as soon after that date as the Court's schedule allows.

8.    CLASS COMPENSATION

8.1.    Main Street shall pay the sum of $150,000 as class compensation to Settlement Class Members.

8.2.    The Class Compensation will be distributed on a pro-rata basis to all Settlement Class Members.

8.3.    The Class Compensation shall constitute a Common Fund.

8.4.    In the event that the settlement class does not receive final approval, the funds shall be returned to Defendant unless otherwise agreed by the parties.

8.5.    The Defendants shall have no financial responsibilities to the Plaintiffs, the Settlement Class Members, or Class Counsel beyond the payment of $150,000.00 and the payment of $400,000 for attorney fees, costs and incentive awards as described in Section 13 below.

8.6.    Defendant shall administer the Class Compensation, either directly or through a third-party administrator.

8.7.    Subject to final approval by the Court, Defendant shall pay the following:

8.7.1.    The administrative costs of administering the Agreement, notices required by the Agreement, and fully administrating the Settlement;

8.7.2.    Incentive payments to Plaintiffs as required by Section 12.2;

8.7.3.    Payments to Settlement Class Members as required by Section 8; and

8.7.4.    Payment of attorney fees and cost as required by Section 12 and approved by the Court.

9.    NON-MONETARY BENEFITS

9.1.    Main Street Acquisition Corp. will file a Notice of Dismissal with Prejudice in those Debt Collection Lawsuits that remain pending as of the date of the Final Judgment Day.

9.2.    Main Street Acquisition Corp. will file and record a Satisfaction of Judgment in those Debt Collection Lawsuits in which Main Street Acquisition Corp. owns and holds a judgment against the Settlement Class Member.

9.3.    The Non-Monetary Benefits are a common benefit conferred on Settlement Class Members by this Settlement.

9.4.    Judgments — Within 60 days after Final Judgment Day, Main Street Acquisition Corp. will have filed and recorded a Satisfaction of Judgment in those Debt Collection Lawsuits in which it owns and holds a judgment against the Settlement Class Member.

9.5.    Dismissal of Debt Collection Lawsuits — Within 60 days after Final Judgment Day, Main Street Acquisition Corp. will have filed a Notice of Dismissal *with Prejudice* in the those Debt Collection Lawsuits against Settlement Class Members that remain pending as of the date of the Final Judgment Day.

9.6.    Tax Forms. Aside from the Non-Monetary Relief described in this Section 9, this Settlement does not include forgiveness of the underlying debt incurred by Plaintiffs or Settlement Class Members and owned by Defendant.   Unless otherwise required by law, Defendant shall not issue or deliver any 1099 tax forms to the Settlement Class Members in connection with any monetary or non-monetary benefit described in this Agreement.

    9.7.    <u>Credit Reporting</u> —

    9.7.1.  Defendant has represented that it has not reported information regarding the debts incurred by Plaintiffs or Settlement Class Members that are the subject of the Debt Collection Lawsuits to any credit reporting agency. Moreover, Defendant shall not report any information regarding the debts incurred by Plaintiffs or Settlement Class Members that are the subject of the Debt Collection Lawsuits to any credit reporting agency.

    9.8.    <u>Payments to Settlement Class Members other than the Plaintiffs</u> —

    9.8.1.  Each Settlement Class Member shall share proportionately in the Class Compensation.  For purposes of this Settlement Agreement, alleged joint debtors shall be treated as a single Settlement Class Member and shall only be entitled to share in the Class Compensation accordingly.

    10.    <u>COVENANT NOT TO SUE</u> —

    10.1.    Plaintiffs agree and covenant, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

    10.2.    Defendant agrees and covenants, not to sue any Settlement Class Member with respect to any debt that is the subject of a Debt Collection Lawsuit and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

    10.3.    <u>RELEASES</u>

    10.3.1.    As of the Effective Date, Plaintiffs and the Settlement Class Members fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims, and are forever barred from asserting any of the Released Claims in any court

or forum whatsoever against the Released Parties.  Further, this Agreement is not intended to create any new rights, or expand any existing rights, that any Settlement Class Member may have against any Released Party under any state or federal law.  For example, this Agreement does not restart the statute of limitations for any claim that any Settlement Class Member may have against any Released Party under any state or federal law.

        10.3.2.      This Agreement is not intended to create any new rights, or expand any existing rights, that any Released Party may have against a Settlement Class Member under any state or federal law.  For example, this Agreement does not restart the statute of limitations for any claim that any Release Party may have against any Settlement Class Member under any state or federal law.

        10.3.3.      The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and approved by a court are hereby expressly, knowingly, and voluntarily waived by the Parties and the Settlement Class Members.

    11.     <u>TERMINATION</u> – After completing a good faith negotiation, Plaintiffs and Defendant shall each have the right to terminate this Agreement by providing written notice to the other within 7 days of:

        11.1.    The Court's refusal to enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as <u>Exhibit 1</u>;

        11.2.    The Court's refusal to approve the settlement following the Fairness Hearing; or

11.3.   The Court's refusal to enter a Final Order and Judgment in substantially the form attached as Exhibit 2.

11.4.   If either Plaintiffs or Defendant terminate this Agreement as provided herein, the Agreement shall be of no force or effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed.

12.     ATTORNEYS' FEES, COSTS, AND INCENTIVE PAYMENTS –

Subject to the Court's approval, Defendant will pay Class Counsel the total sum of $400,000 in attorneys' fees, costs, and incentive payments within thirty (30) days of the Final Judgment Day.  The payment of $400,000 will cover all past, current, and future costs and attorneys' fees to Class Counsel, including incentive payments to Plaintiffs described below.

12.1.   Class Counsel will file an application with the Court seeking approval of this payment of $400,000.  Defendant agrees that it will not object to any extent, or engender objection to any extent, to the Court's approval of this payment, or comment in any negative manner upon Class Counsel's entitlement to the payment.  Class Counsel agree not to request attorneys' fees and costs exceeding $400,000, and Defendant shall have no obligation to pay any sums to Class Counsel for either fees or expenses in excess of $400,000.

12.2.   Defendant agrees, subject to Court approval, to pay Matute, within thirty (30) days of the Final Judgment Day, one payment of $10,000 to compensate her for the time and effort she expended in her role as Class Representative, in participating in discovery, and in fulfilling her obligations and responsibilities as Class Representative.  Defendant agrees to pay McDonald, within thirty (30) days of the Final Judgment Day, one payment of $10,000 to compensate him for the time and effort he expended in his role as Class Representative, in

participating in discovery, and in fulfilling his obligations and responsibilities as Class Representative. These amounts are included in, and are not in addition to, the $400,000 amount listed in Section 12.1 above. Defendant agrees that it will not oppose any request by Class Counsel for such payment to the extent that such requests do not exceed $10,000 per Plaintiff. Defendant shall have no obligation to make any payment to Matute or McDonald other than the obligation set forth in this Section. No other agreement exists between the Parties as to payments to be made to the Plaintiffs. Plaintiffs will also receive any benefits to which they are entitled by virtue of their status as Settlement Class Members.

13.     MISCELLANEOUS PROVISIONS –

13.1.   The exhibits to this Agreement, Exhibits 1 through 3, are an integral part of the settlement and are expressly incorporated herein as part of this Agreement.

13.2.   This Agreement is for settlement purposes only. The Parties acknowledge that this Agreement is not an admission of wrongdoing, negligence, or liability by the Defendant. This Agreement shall not be offered or be admissible against Defendant, or cited or referred to in any action or proceeding, except in an action or proceeding brought to enforce its terms.

13.3.   No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

13.4.   This Agreement contains the entire agreement between the Parties and supersedes any and all other agreements between the Parties, including any and all other mediation and settlement agreements. The terms of this Agreement are contractual.

13.5.   This Agreement shall be interpreted in accordance with Florida law.

13.6.   Any dispute, challenge, or question relating to this Agreement shall be heard only by this Court.

13.7.   The Parties shall request that the Court retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiffs and all Settlement Class Members, and over the administration and enforcement of this Agreement.

13.8.   This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors and assigns.

13.9.   In the event that any of the provisions of this Agreement are held invalid or unenforceable for any reason, such invalidity or unenforceability shall not affect other provisions of this Agreement if the Parties mutually elect to proceed as if the invalid or unenforceable provision had never been included in the Agreement.

13.10.   This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

13.11.   This Agreement may be signed in counterparts.   The separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

**[COUNTERPART SIGNATURES APPEAR ON THE PAGES THAT FOLLOW]**

17

**IN WITNESS WHEREOF,** we have hereunto set our hands and seals this _6_ day of December, 2013.

**BRENDA MATUTE**

_Brenda Matute_

Print Name: _Brenda MATUTE_

STATE OF _Florida_            )
                              )      ss:
COUNTY OF _Broward_           )

SWORN TO (or AFFIRMED) AND SUBSCRIBED before me this _6_ day of December, 2013, by Brenda Matute. She is personally known ~~to me~~ or has produced _____ as identification.

_____
(Signature of Notary Public)

_Shannon Gunther_
(Typed name of Notary Public)

Notary Public, State of Florida
Commission No. _2|13|16_
My commission expires:

Notary Public State of Florida
Shannon Gunther
My Commission EE 169128
Expires 02/13/2016

**IN WITNESS WHEREOF,** we have hereunto set our hands and seals this ⎩⎠ day of

December, 2013.

                                           EARNEST MCDONALD

                                           *Earnest Mc Donald*

                                           Print Name: *EARNEST Mc DONALD*

STATE OF  *Florida*      )

                           )    ss:

COUNTY OF *Broward*    )

        SWORN TO (or AFFIRMED) AND SUBSCRIBED before me this  ⎩⎠  day of December, 2013, by Earnest McDonald.  He is personally known to me or has produced _____ as identification.

                                     _____

                                     (Signature of Notary Public)

                                     *Shannon Gunther*

                                     (Typed name of Notary Public)

Notary Public, State of Florida
Commission No. *2|13|16*_____
My commission expires:

                              Notary Public State of Florida
                              Shannon Gunther
                              My Commission EE 169128
                              Expires 02/13/2016

**IN WITNESS WHEREOF,** we have hereunto set our hands and seals this _6_ day of December, 2013.

MAIN STREET ACQUISITION CORP.

By: _____

Its: _SCOTT LOYND, V. P_

STATE OF _Georgia_      )
                        )  ss:
COUNTY OF _Gwinnett_    )

SWORN TO (or AFFIRMED) AND SUBSCRIBED before me this _6th_ day of December, 2013, by _Scott Loynd_ (print name) as the _Vice President_ (title) of MAIN STREET ACQUISITION CORP.   He/~~She~~ is personally known to me ~~or has produced~~ ~~as identification.~~

_____
(Signature of Notary Public)

_____
(Typed name of Notary Public)

Notary Public, State of ~~Florida~~ _GA_
Commission No. _n/a_
My commission expires: _11/18/17_

**Chrystal M. Jackson**
**Notary Public**
County of Gwinett, Georgia

My commission expires: _11/18 2017_

20

*Counsel for Plaintiffs Brenda Matute and Earnest McDonald:*

_____

SCOTT D. OWENS
Florida Bar No.: 0597651
SCOTT D. OWENS, P.A.
664 East Hallandale Beach Boulevard
Hallandale, Florida 33309
Telephone:  (954) 589-0588
Facsimile:   (954) 337-0666
E-mail: scott@scottdowens.com

_____

SETH LEHRMAN
Florida Bar No. 132896
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 N. Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone: (954) 524-2820
Facsimile: (954) 524-2822
E-mail:seth@pathtojustice.com

21

*Counsel for Defendant Main Street Acquisition Corp.:*

MICHELE L. STOCKER
Florida Bar No. 044105
LINDA M. RECK
Florida Bar No. 0669474
GREENBERG TRAURIG, P.A.
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Telephone: (954) 768-8271
Facsimile: (954) 759-5571
Email: stockerm@gtlaw.com
        reckl@gtlaw.com

*BOS 47322296v1*

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-cv-62375-KMW

BRENDA MATUTE, an individual, and
EARNEST MCDONALD, an individual, on
behalf of themselves and all others similarly
situated,

       Plaintiffs,

v.

MAIN STREET ACQUISITION CORP.,

       Defendants.

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Court has been advised that the parties to this action, Brenda Matute, Earnest McDonald (hereinafter referred to as "Plaintiffs" or "Class Representatives"), and Main Street Acquisition Corp. (hereinafter referred to as "Main Street" or "Defendant"), through their respective counsel, have agreed, subject to Court approval, to settle the above-captioned lawsuit (the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Agreement") filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination the Agreement appears fair, reasonable, and adequate, and that a hearing should and will be held after the objection period passes to confirm whether the Agreement and settlement are fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit;

1

**IT IS HEREBY ORDERED:**

1.     The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.     In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendant shall serve written notice of the proposed class settlement on the appropriate federal official and appropriate official for the State of Florida within 30 days of the entry of this order.

**Settlement Certification**

3.     Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following settlement class (hereinafter referred to as the "Settlement Class Members"):

> All consumers in the State of Florida against whom a lawsuit to collect a consumer debt was commenced by Main Street Acquisition Corp. from November 4, 2007 through October 19, 2011 and who have not filed for bankruptcy protection.

> Excluded from the Settlement Class are (1) Defendants and their parents, subsidiaries, affiliates, and any of their current officers, directors, and employees; (2) all officers, employees, and agents of Plaintiffs' Counsel, counsel of record for Defendants, and their immediate families; and (3) members of the Southern District of Florida judiciary and their immediate families.

4.     Pursuant to Fed. R. Civ. P. 23, the Court preliminarily appoints Plaintiffs Brenda Matute and Earnest McDonald as the Class Representatives and Seth Lehrman of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. and Scott D. Owens of Scott D. Owens, P.A. as Class Counsel.

5.     The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

2

5.1.    The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

5.2.    There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

5.3.    Plaintiffs' claims are typical of the claims of the Settlement Class Members;

5.4.    Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

5.5.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6.    The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the settling class members, especially in light of the benefits to the settling class members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class Members; and the limited amount of any potential total recovery for the class.

**Notice and Administration**

7.    The Court approves the form and substance of the notice of class action settlement described in ¶ 5.2 of the Agreement and attached to the Agreement as Exhibit 3.  The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, con-

stitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights. In accordance with the Agreement, Defendant shall cause the completed notices to be mailed to the Settlement Class Members as expeditiously as possible, but in no event later than 30 calendar days after the Court's entry of this order.

**Settlement Fund**

8.    The Court approves and orders the creation of a common fund (the "Settlement Fund") to be established and maintained as a "Qualified Settlement Fund" in accordance with the terms of the Parties' Settlement Agreement.   The Qualified Settlement Fund will be administered by the Settlement Administrator, First Class, Inc.  The Qualified Settlement Fund and its administrator will remain subject to the continuing jurisdiction of this Court until the Qualified Settlement Fund terminates by its terms.

**Exclusion**

9.    Any Settlement Class Member who desires to be excluded from the class must send a written request for exclusion to the class action administrator with a postmark date no later than 40 days after the initial notice is sent to Settlement Class Members.  To be effective, the Settlement Class Member must set forth his or her full name, address, telephone number and email address (if available), along with a statement that he or she wishes to be excluded.

10.   All potential Settlement Class Members who do not timely and properly exclude themselves from the Settlement Class shall be bound by all proceedings, orders, and judgments in the action, and all their claims shall be dismissed with prejudice and released as provided for in the Settlement Agreement, and even if such Settlement Class Member has previ-

ously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims as defined in the Settlement Agreement.

The Court requires the Settlement Administrator to file proof of mailing of the Notice at or before the Fairness Hearing, along with the Opt-Out List, which shall be a list of all persons who timely and properly requested exclusion from the Settlement Class, and an affidavit attesting to the accuracy of the Opt-Out List.

**Objections**

11.    Any Settlement Class Member who wishes to intervene or object to the fairness of the settlement must file a written objection or request for intervention with the Court, at United States District Court, Southern District of Florida, Miami Division, 400 North Miami Avenue, Miami, Florida 33128, within 50 days after the initial notice is sent to Settlement Class Members.  Further, any such Settlement Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention:  Main Street Settlement, 425 N. Andrews Ave., Suite 2, Fort Lauderdale, Florida 33301, and Counsel for Defendants, Michele Stocker and Linda Reck, Attention:  Main Street Settlement, GREENBERG TRAURIG, 401 East Las Olas Blvd., Suite 2000, Fort Lauderdale, Florida 33301.

12.    Any Settlement Class Member who desires to intervene in the instant action must file the appropriate motion and paper no later than 50 days after the initial notice is sent to Settlement Class Members.

13.    To be considered, the written objection must be signed by the Settlement Class Member and must set forth his or her full name, address, and telephone number, along with a statement of the reasons for his or her objection and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel.  Settlement Class Members who

5

do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

**Fairness Hearing**

14.     The Court shall conduct a hearing (the "Fairness Hearing") on _____, 2014, at the United States District Courthouse, 400 North Miami Avenue, Miami, Florida 33128 before the Honorable Kathleen M. Williams in Courtroom: 11-3, commencing at _____ a.m., to review and rule upon the following issues:

14.1.     Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

14.2.     Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court;

14.3.     Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

14.4.     To discuss and review other issues as the Court deems appropriate.

15.     Attendance at the Fairness Hearing is not necessary. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard, however, are required to indicate in their written objection whether or not they intend to appear at the Fairness Hearing.

16.     Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, petitions for attorney's fees and reimbursement of costs and

expenses by Class Counsel, shall be filed with the Court no later than fourteen (14) days before objections are due.

17.   Within 30 days after the Fairness Hearing, the Court shall enter a Final Order and Judgment as it deems appropriate regarding all issues set forth in ¶ 12.

18.   The Agreement and this order shall be null and void if any of the following occur:

18.1.   The Agreement is terminated by any of the Parties, or any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

18.2.   The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of order in lieu thereof;

18.3.   The Court rejects any component of the Agreement, including any amendment thereto approved by the Parties; or

18.4.   The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

19.   If the Agreement and this order are voided per ¶ 18 of this Order, then the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

**Injunction**

20.   Pursuant to 28 U.S.C. § 1651 and Federal Rule of Civil Procedure 23, the Court hereby bars and enjoins all Settlement Class members, unless and until they have timely and

properly excluded themselves from the Settlement Class, (a) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the action and/or the released claims; (b) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, connected with, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the action and/or the released claims; and (c) from attempting to effect an opt-out or exclusion of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the action and/or the released claims.

21.     The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.


_____

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE


Copies furnished to:
All counsel of record

8

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-cv-62375-KMW

BRENDA MATUTE, an individual, and
EARNEST MCDONALD, an individual, on
behalf of themselves and all others similarly
situated,

       Plaintiffs,

v.

MAIN STREET ACQUISITION CORP.,

       Defendants.

## ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On December 6, 2013, Plaintiffs Brenda Matute and Earnest McDonald (hereinafter re-
ferred to as "Plaintiffs" or "Class Representatives") filed Plaintiffs' Unopposed Motion and
Plaintiffs' Memorandum of Law in Support of Preliminary Approval of Proposed Class Action
Settlement Agreement and Release, along with the Settlement Agreement and supporting papers
(hereinafter referred to as the "Preliminary Approval Motion"), which is subject to review under
Fed. R. Civ. P. 23.

On _____, 2014, upon consideration of the Parties' Preliminary Approval Motion and
the record, the Court entered an Order of Preliminary Approval of Class Action Settlement
(hereafter referred to as the "Preliminary Approval Order").

Pursuant to the Preliminary Approval Order, the Court, among other things, (i) prelimi-
narily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the
"Settlement Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminari-
ly approved the proposed settlement; (iii) appointed Plaintiffs as the Class Representatives; (iv)

appointed Seth Lehrman of the Farmer, Jaffe, Weissing, Edwards, Fistos and Lehrman, P.L. law firm, and Scott D. Owens of the Scott D. Owens, P.A. law firm as Class Counsel; and, (v) set the date and time for the Fairness Hearing.

On _____ 2014, the Parties filed their Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").

On _____ 2014, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate and in the best interests of the Settlement Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, the Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  The Court has jurisdiction over the subject matter of the lawsuit and over all settling parties hereto.

2.  CLASS MEMBERS – Pursuant to Fed. R. Civ. P. 23(b)(2), the Lawsuit is hereby finally certified as a class action on behalf of the following Settlement Class Members:

> All consumers in the State of Florida against whom a lawsuit to collect a consumer debt was commenced by Main Street Acquisition Corp. from November 4, 2007 through October 19, 2011 and who have not filed for bankruptcy protection.

> Excluded from the Settlement Class are (1) Defendants and their parents, subsidiaries, affiliates, and any of their current officers, directors, and employees; (2) all officers, employees, and agents of Plaintiffs' Counsel, counsel of record for De-

fendants, and their immediate families; and (3) members of the Southern District of Florida judiciary and their immediate families.

3.     CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiffs as the Class Representatives and Seth Lehrman of the Farmer, Jaffe, Weissing, Edwards, Fistos and Lehrman, P.L. law firm, and Scott D. Owens of the Scott D. Owens, P.A. law firm as Class Counsel.  The Court, in appointing Class Counsel, has reviewed the factors set forth in Rule 23(g) and appoints Class Counsel based on the review of the criteria set forth therein.

4.     NOTICES – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed to the Settlement Class Members.  The form and method for notifying the Settlement Class Members of the settlement and its terms and conditions was in conformity with this Court's preliminary approval order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(b) and due process, and constituted the best notice practicable under the circumstances.  The Court finds that the proposed notices were clearly designed to advise the class members of their rights.

5.     FINAL CLASS CERTIFICATION – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

5.1.     The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

5.2.     There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

5.3.     Plaintiffs' claims are typical of the claims of the Settlement Class Members;

5.4.    Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

5.5.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6.    The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the settling class members, especially in light of the benefits to the settling class members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and the limited amount of any potential total recovery for the class.

7.    SETTLEMENT TERMS – The Agreement, which shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The parties are hereby directed to perform the terms of the Agreement.

8.    OBJECTIONS AND EXCLUSIONS – The Settlement Class Members were given an opportunity to object to the settlement. No Settlement Class Member objected to the settlement. The Settlement Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this order. The identities of such persons are set forth in Exhibit A attached hereto. This order is binding on all Settlement Class Members, except those individuals identified in Exhibit A.

9.      RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT – Plaintiffs, the Settlement Class Members, and their successors and assigns fully, finally, and forever settle, release, and discharge the "Released Parties" (as defined in the Agreement) from the "Released Claims" (as defined in the Agreement), and are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever as set forth in the Agreement.  Pursuant to the release contained in the agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

10.     The Lawsuit is hereby dismissed with prejudice in all respects.

11.     This order shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

12.     The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.


                                        _____
                                        KATHLEEN M. WILLIAMS
                                        UNITED STATES DISTRICT JUDGE


Copies furnished to:
All counsel of record


5

# EXHIBIT 3

## BY ORDER OF THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

### CLASS ACTION NOTICE

If you were sued by Main Street Acquisition Corp. between November 4, 2007 and October 19, 2011, a class action lawsuit pending in the U.S. District Court for the Southern District of Florida may affect your rights.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

---

- Brenda Matute and Ernest McDonald ("**Class Representatives**") have sued Main Street Acquisition Corp. ("**Main Street**").

- The Class Representatives have asserted that Main Street have sued Florida consumers in violation of the Fair Debt Collection Practices Act ("FDCPA") and Florida common law as Main Street sued without being registered as a consumer collection agency with the State of Florida.

- The Court has allowed the lawsuit to proceed as a class action for purposes of settlement on behalf of the Settlement Class Members who are defined as:

  > *All individuals in the State of Florida against whom a lawsuit to collect a consumer debt was commenced by Main Street Acquisition Corp. from November 4, 2007 through October 19, 2011 and who have not filed for bankruptcy protection.*

- The Court has not made a final determination in the suit; however, the Class Representatives and Main Street have agreed to a settlement that provides for:

  - All pending collection lawsuits filed by Main Street Acquisition Corp. against any Settlement Class Member from November 4, 2007 through October 19, 2011 will be dismissed *with prejudice*.

  - Unless otherwise required by law, Main Street will not issue any IRS Form 1099 to Settlement Class Members in connection with the Settlement.

  - For those collection lawsuits filed by Main Street Acquisition Corp. against any Settlement Class Member from November 4, 2007 through October 19, 2011 in which Main Street Acquisition owns and holds a Judgment, a Satisfaction of Judgment will be filed and recorded (*i.e.,* the judgment will be noted as paid and any judgment lien will be released) in any.

  - Main Street will pay $150,000 of Class Compensation to Settlement Class Members on a pro rata basis.

  - Main Street will pay for the administration of the Settlement.

  - Main Street has agreed to pay, subject to Court approval, attorney's fees and costs in the sum of $380,000 to Class Counsel.

  - Main Street has agreed to pay, subject to Court approval, incentive payments in the sum of $10,000 each to Plaintiffs Brenda Matute and Earnest McDonald, respectively.

  - Main Street will not be responsible to any Settlement Class Member to pay any sum beyond the Class Compensation.

1

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT

*Your legal rights are affected and you have choices to make now.*

**DO NOTHING:** If you do nothing, and there is case pending against you in the State of Florida, the case will be dismissed and a pro rata portion of the Class Compensation will be distributed to you. You will be bound by the release provided to Main Street covering the claims.

**ASK TO BE EXCLUDED**: You can ask to be excluded in the lawsuit by giving a written notice stating that you want to be excluded and delivering a copy of that notice to: [NAME AND ADDRESS OF SETTLEMENT ADMINISTRATOR] no later than XXX, 2014 stating that you want to be excluded. You will need to include your name, address and telephone number. You may later be asked to provide documentation to verify that you are a potential Settlement Class Member.

**OBJECT:** You can object to the Class Settlement. Any objection must be filed no later than XXX.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................... PAGE 3

    1.    Why did I get this notice?
    2.    What is this lawsuit about?
    3.    What is a class action and who is involved?
    4.    Why is this lawsuit a class action?

**THE CLAIMS IN THE LAWSUIT**....................................... PAGE 4

    5.    What does the lawsuit complain about?
    6.    How does the Defendant answer?
    7.    Has the Court decided who is right?
    8.    What is the Settlement?

**WHO IS IN THE CLASS**.................................................... PAGE 5

    9.    Am I part of this Class?
    10.    I'm still not sure if I am included.

**YOUR OPTIONS**........................................................... PAGE 5

    11.    What do I do to be included?
    12.    What happens if I do nothing at all?
    13.    What do I do if I do not want to be included?
    14.    Can I object?

**THE LAWYERS REPRESENTING YOU**..................................... PAGE 6

    15.    Do I have a lawyer in this case?
    16.    Should I get my own lawyer?
    17.    How will the lawyers be paid?

**GETTING MORE INFORMATION**............................................. PAGE 6

    18.    Are more details available?

## BASIC INFORMATION

| 1. Why did I get this notice? |
| --- |

Records show that Main Street Acquisition Corp. filed a lawsuit against you in Florida between November 4, 2007 and October 19, 2011 and that you have not filed for bankruptcy protection.

This notice explains that the Court has preliminarily approved a class action settlement that may affect you.  You have legal rights and options that you may exercise before the Court enters a final judgment.  The lawsuit is known as *Matute and McDonald v. Main Street Acquisition Corp.*, Case no. 11-cv-62375-KMW, U.S. District Court for the Southern District of Florida.  The case records are available to the public through the Court or through the PACER system.

| 2. What is this lawsuit about? |
| --- |

This lawsuit is about whether Defendant Main Street Acquisition Corp. violated consumer protection laws when they filed suits in Florida courts without being registered as a consumer collection agency.  Defendant Main Street Acquisition Corp. denies that it violated any laws.

| 3. What is a class action and who is involved? |
| --- |

In a class action lawsuit, one or more persons called "Class Representatives" sued on behalf of themselves and other persons who have similar claims.  These individuals together are a "Class" and each person is a "Class Member."  The two Class Representatives, and all the Class Members like them, are called plaintiffs.  The company they sued (in this case, Main Street Acquisition Corp.) is called the defendant.  The Court resolves the issues for everyone in the Class, except for those people who do not choose to include themselves in the Class.  In this case there has been no final determination but the parties have agreed to settle all claims.

| 4. Why is this lawsuit a class action? |
| --- |

A class action is a lawsuit in which a few persons may sue on behalf of themselves and a large number of other persons who have the same claims.  In virtually every class action, the claims are such that the numerous class members could not afford to sue individually.  The Court may permit this case to proceed as a class action for settlement purposes if it finds that:

- There are a sufficient number of people who fell within the definition of the class (in this case, more than 800 persons);
- There are legal questions and facts that are common to each of the Class Members;
- The Class Representatives' claims are typical of the claims of the rest of the Class;
- The Class Representatives will adequately represent the interest of the Class;
- The Class attorneys, Scott D. Owens, of Scott D. Owens, P.A., Seth Lehrman of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.; will fairly and adequately represent the Class' interests;
- The common legal questions and facts are more important that questions that affect only individuals; and
- A class action will be more efficient than having many individual lawsuits.

### THE CLAIMS IN THE LAWSUIT

| 5. What does the lawsuit complain about? |
| --- |

In the lawsuit, the Class Representatives allege that the Main Street violated federal consumer protection laws and Florida common law when they filed suits to collect defaulted consumer debts and filed these collection lawsuits when Main Street was not registered in the State of Florida as a consumer collection agency.

| 6. How does the Defendant answer? |
| --- |

Defendant Main Street denies it did anything wrong.

| 7. Has the Court decided who is right? |
| --- |

The Court hasn't decided whether the Plaintiffs or Defendant are correct.  The Court has been asked to certify a class for settlement purposes and has made no determination as to the merits of the claims.

| 8. What is the Settlement? |
| --- |

The Class Representatives and the Defendant have agreed to a settlement that provides for:

- All pending collection lawsuits filed by Main Street Acquisition Corp. against any Settlement Class Member from November 4, 2007 through October 19, 2011 will be dismissed *with prejudice*.

- Unless otherwise required by law, Main Street will not issue any IRS Form 1099 to Settlement Class Members in connection with the Settlement.

- Pay an incentive payment to the Class Representatives for their time and effort in bring this class action on behalf of the Class;

- For those collection lawsuits filed by Main Street Acquisition Corp. against any Settlement Class Member from November 4, 2007 through October 19, 2011 in which Main Street Acquisition owns and holds a Judgment, a Satisfaction of Judgment will be filed and recorded (*i.e., the judgment will be noted as paid and any judgment lien will be released*) in any.

- Main Street will pay $150,000 of Class Compensation to Settlement Class Members on a pro rata basis.

- Main Street will pay for the administration of the Settlement.

- Main Street has agreed to pay, subject to Court approval, attorney's fees and costs in the sum of $380,000 to Class Counsel.

- Main Street has agreed to pay, subject to Court approval, incentive payments in the sum of $10,000 each to Plaintiffs Brenda Matute and Earnest McDonald, respectively.

- Main Street will not be responsible to any Settlement Class Member to pay any sum beyond the Class Compensation.

**WHO IS IN THE CLASS**

*You need to decide whether you are affected by this lawsuit.*

| 9. Am I part of this Class? |
| --- |

The class consists of all natural persons in the State of Florida against whom a lawsuit to collect a consumer debt was commenced by Main Street Acquisition Corp. from November 4, 2007 through October 19, 2011 and who have not filed for bankruptcy protection.

| 10. I'm still not sure if I'm included. |
| --- |

If you are still not sure whether you are included, you can get free help by calling or writing to the lawyers in this case at:

Scott D. Owens
Scott D. Owens, P.A.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009

Seth Lehrman
Farmer Jaffe Weissing
425 N. Andrews Ave., Suite 2
Fort Lauderdale, Florida 33301

or by e-mail to
scott@scottdowens.com

seth@pathtojustice.com

**YOUR OPTIONS**

*You must decide whether you would like to participate in the class, exclude yourself from the class, or object.*

| 11. What do I do to be included? |
| --- |

To be included as a class member and have any pending case against you dismissed and receive a pro rata share of the Class Compensation you do not have to do anything.

| 12. What happens if I do nothing at all? |
| --- |

You will be included in the class, any pending case against you will be dismissed and you will receive a pro rata share of the

4

Class Compensation.

---
**13. What if I do not want to be included?**
---

If you do not want to be included, then you must provide a written notice setting forth your name, address and a statement that "I do not want to be included." The notice must be sent no later than XXX and sent to [NAME AND ADDRESS OF SETTLEMENT ADMINISTRATOR]. If you timely elect not to participate, then you may pursue your own claims at your own expense.

---
**14. How do I object?**
---

If you want to object to the settlement, you will need to file a written objection to the settlement signed by you (or your attorney) with the Court no later than XXX. Your written objection should reference the case of *Matute and McDonald v. Main Street Acquisition Corp.*, Case no. 11-cv-62375-KMW and be filed in the U.S. District Court for the Southern District of Florida, by this deadline. Documents submitted that do not comply with applicable rules, including local rules of the Court, may be rejected by the Clerk of the Court. You <u>must</u> also mail a copy of any written objections to each of the following attorneys:

Attorneys for the Class:                     Attorneys for Defendant Main Street Acquisition Corp.:

Scott D. Owens                               Michele Stocker
Scott D. Owens, P.A.                         Linda Reck
664 E. Hallandale Beach Blvd.                Greenberg Traurig
Hallandale, Florida 33009                    401 E. Las Olas Blvd., 18th Floor
                                             Fort Lauderdale, Florida 33301
Seth Lehrman
Farmer Jaffe Weissing
425 N. Andrews Ave., Suite 2
Fort Lauderdale, Florida 33301

If you file an objection, you will also need to attend the final hearing or the Court may not consider your objections. The final fairness hearing is set for XXX at XXX X.m. in Courtroom XX at the Federal Courthouse at 301 N. Miami Ave., Miami, Florida 33128.

### THE LAWYERS REPRESENTING YOU

---
**15. Do I have a lawyer in this case?**
---

The Court appointed these lawyers to represent you: Scott D. Owens, Scott D. Owens, P.A.; Seth Lehrman, Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L., as "Class Counsel" to represent you and other Settlement Class Members.

---
**16. Should I get my own lawyer?**
---

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you may hire one who it will be your responsibility to pay. For example, you can ask him or her to appear in Court for you, if you want someone other than Class Counsel to speak for you.

---
**17. How will the lawyers be paid?**
---

Class Counsel will be paid by Defendant Main Street Acquisition Corp. subject to court approval.

### GETTING MORE INFORMATION

---
**18. Are more details available?**
---

You can contact one of Class Counsel. Their contact information is set forth in the answer to Question No. 15 above.