UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-cv-62375-KMW

BRENDA MATUTE, an individual, and
EARNEST MCDONALD, an individual, on
behalf of themselves and all others similarly
situated,

Plaintiffs,
v.

MAIN STREET ACQUISITION CORP.,
a foreign corporation, and JOHN DOES 1-10,

Defendants.

**PLAINTIFFS' MOTION FOR REASONABLE
ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

I.    INTRODUCTION ............................................................................................................ 1

II.    THE COURT SHOULD APPROVE THE AGREED-UPON ATTORNEYS' FEES AND EXPENSES OF $380,000 BECAUSE THEY ARE REASONABLE ............................................ 3

III.    THE VALUE OF THE SIGNIFICANT DEBT RELIEF BENEFIT MAY PROPERLY BE ADDED TO THE COMMON FUND'S VALUE TO SUPPORT PLAINTIFFS' FEE APPLICATION ................................................................................................................... 4

IV.    THE REQUESTED FEE SATISFIES THE *JOHNSON* FACTORS .................................... 7

    A.    Class Counsel Exerted a Great Deal of Time and Effort in This Case and Were Consequently Precluded from Accepting Other Employment. .............................................. 8

    B.    The Case Involved Difficult Issues and the Risk of Nonpayment and Not Prevailing on the Claims Was High. ........................................................................................ 9

    C.    Class Counsel Achieved an Excellent Result for Settlement the Classes.............. 10

    D.    The Requested Fee is Consistent With Those Awarded in Other Similarly Complex Class Settlements in This Circuit. ........................................................................... 11

    E.    A High Level of Skill Was Required to Perform the Legal Services Properly. .... 12

V.    THE AGREED-UPON INCENTIVE AWARD TO PLAINTIFFS SHOULD BE APPROVED ........................................................................................................................ 12

VI.    CONCLUSION ............................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Cases**

*Abels v. JBC Legal Group,* 227 F.R.D. 541 (N.D.Cal.2005) ............................................................ 6
*Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185 (S.D. Fla. 2006). ............... 10, 11, 13
*Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27 (E.D. Pa. 1985) ....................................................... 13
*Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768 (11th Cir. 1991) ......................... 3, 5, 7, 8
*Cohn v. Nelson*, 375 F. Supp. 2d 844 (E.D. Mo. 2005) ................................................................... 3
*Cosgrove v. Citizens Auto. Fin., Inc.*, CIV.A. 09-1095, 2011 WL 3740809 (E.D. Pa. Aug. 25, 2011) ............................................................................................................................................ 5
*Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136 (E.D. Pa. 2000) ................................................... 4
*Faught v. Am. Home Shield Corp.*, 668 F.3d 1233 (11th Cir. 2011) .............................................. 4
*Francisco v. Numismatic Guar. Corp. of Am.*, No. 06-cv-61677, 2008 WL 649124 (S.D. Fla. Jan. 31, 2008) ....................................................................................................................................... 9
*Hall v. Cole*, (U.S. 1973) 93 S.Ct. 1943 .................................................................................... 4, 11
*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .................................................................................... 3
*Hicks v. Client Services, Inc.*, 257 F.R.D. 699 (S.D. Fla. 2009) ............................................... 6, 10
*In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330 (S.D. Fla. 2011) ............................
........................................................................................................................... 3,4, 8, 9, 10, 11
*In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366 (S.D. Ohio 1990) .......... 13
*In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323 (S.D. Fla. 2001) ............................................ 9, 12
*Ingraham v. The Coca Cola Co.*, 200 F.R.D. 685 (N.D.Ga. 2001) .............................................. 13
*Jancik v. Cavalry Portfolio Services, LLC*, Not Reported in F.Supp.2d, 2007 WL 1994026 (D. Minn. 2007) ............................................................................................................................ 6, 10
*Johansson-Dohrmann*, No. 12-CV-1115, 2013 WL 3864341 ...................................................... 13
*Johnson v. Georgia Highway Expr., Inc.*, 488 F.2d 714 (5th Cir. 1974) ........................................ 7
*Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291 (11th Cir. 1999) ........................................ 7
*Kim v. Riscuity, Inc.*, No. 06 C 01585 (N.D.Ill. 2007)(Unpublished) ............................................ 5
*Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993 (3d Cir.2011) .................................. 6
*Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.* 540 F.2d 102 (3d Cir. 1976) .......................................................................................................................................... 10
*Nelson v. Mead Johnson & Johnson Co.*, 484 Fed. Appx. 429 (11th Cir. 2012) ......................... 13
*Nichols v. Northland Grps., Inc.,* Nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 WL 897867 (N.D.Ill. Mar. 31, 2006) .......................................................................................................... 6, 10
*Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334 (S.D. Fla. 2007) ...................... 7, 9, 11
*Smith, Casas, and Newmann v. CRST Van Expedited, Inc.*, No. 10-CV-1116 (So. D. Cal. 2013) (unpublished) ............................................................................................................................... 5
*Stalcup v. Schlage Lock Co.*, 505 F. Supp. 2d 704 (D. Colo. 2007) ............................................... 9
*Su v. Electronic Arts, Inc.*, 2006 WL 4792780 (M.D.Fl. 2006) .................................................... 13
*Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291 (11th Cir. 1999) .................................. 7, 11

*Weber v. Goodman,* 9 F.Supp.2d 163 (E.D.N.Y. 1998) .................................................................. 6

*Wolff v. Cash 4 Titles*, No. 03-cv-22778, 2012 WL 5290155 (S.D. Fla. Sept. 26, 2012) .......... 7, 11

*Yates v. Mobile Cnty. Pers. Bd.*, 719 F.2d 1530 (11th Cir. 1983) .................................................... 9

**Statutes**

Fla. Stat. § 559.553 ......................................................................................................................... 1

**Rules**

15 U.S.C. § 1692 ............................................................................................................................. 1
Federal Rule of Civil Procedure 23(h) ........................................................................................ 3, 5

In accordance with this Court's April 29, 2014 Order Granting Preliminary Approval of to the Class Action Settlement (DE 114), and pursuant to Federal Rule of Civil Procedure 23(h), Plaintiffs Brenda Matute and Earnest McDonald ("Plaintiffs") respectfully request the Court grant their Motion for Reasonable Attorneys' Fees, Expenses, and Incentive Awards, and in support state as follows:

## I.      INTRODUCTION

Plaintiffs' request for attorneys' fees, expenses, and incentive awards is made pursuant to the settlement of this class action lawsuit. Plaintiffs and Settlement Class Members are consumers who Plaintiffs allege were subjected to unauthorized collection activity by Defendant between November 4, 2007 and October 19, 2011. Plaintiffs alleged that (a) Defendant is a Consumer Collection Agency under Florida law that had filed lawsuits in Florida state court without maintaining the registration required by Fla. Stat. § 559.553(1) and (b) had collected monies from Plaintiff McDonald and certain Settlement Class Members during the period of time that it was not registered as a Consumer Collection agency. Currently before the Court are Plaintiffs' claims under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and an unjust enrichment claim under Florida common law. Plaintiffs' claims embrace 1,050 Settlement Class Members.

This contentious litigation has included a motion to dismiss, Defendant's partial summary judgment motion, a contested class certification motion, discovery and fractious settlement negotiations. The Parties' first mediation ended in an impasse. Subsequently, the Parties met several times to attempt to forge a settlement. Despite their significant differences, the Parties have been able to settle this action.

On April 29, 2014, the Court granted preliminary approval to the Settlement—reached by Class Counsel though multiple days of mediation after two years of contentious litigation that provides substantial relief to the Settlement Class. The terms of the Parties' Settlement Agreement require Defendant to pay the sum of $150,000 as class compensation to Settlement Class Members to be distributed on a pro-rata basis to all Settlement Class Members. Defendant shall pay Class Counsel and Class Representatives $380,000 for attorney fees, costs and incentive awards of $10,000 to each named Plaintiff. Defendant shall administer the Class Compensation either directly or through a third-party administrator, and shall handle all costs of administering the Settlement Agreement. In addition to this monetary relief Defendant will provide significant non-monetary relief. Defendant will file a Notice of Dismissal with Prejudice in those Debt Collection Lawsuits that remain pending as of the date of the Final Judgment Day. Defendant will file and record a Satisfaction of Judgment in those Debt Collection Lawsuits where Defendant owns and holds a judgment against the Settlement Class Member. Defendant estimates the value of the forgiven and dismissed judgments and lawsuits at more than $5 million. Therefore, Class Counsels' requested attorney fees of $380,000 constitutes less than 7.4% of the common fund consisting of class compensation and debt relief created by the Defendant.

In light of the exceptional benefits afforded to the Classes under the terms of the Settlement, Class Counsel requests the Court to approve the agreed-upon $380,000 (inclusive of expenses) for attorneys' fees, which represents 7.4% of the common fund, inclusive of the forgiven debt, and the agreed-upon incentive awards in the amount of $10,000 to each Plaintiff, both of which are comparable to those typically awarded in similarly complex litigation. Accordingly, Class Counsel's fee request and Plaintiffs' incentive awards should be approved.

## II. THE COURT SHOULD APPROVE THE AGREED-UPON ATTORNEYS' FEES AND EXPENSES OF $380,000 BECAUSE THEY ARE REASONABLE

Federal Rule of Civil Procedure 23(h) authorizes, pursuant to law or the Parties' agreement, the award of reasonable attorneys' fees to class counsel who prosecute the case. Fed. R. Civ. P. 23(h). Not only does the Settlement here provide for the award of reasonable attorneys' fees from the Settlement Fund, but "[i]t is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained." *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1358 (S.D. Fla. 2011); *see also Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) ("Attorneys in a class action in which a common fund is created are entitled to compensation for their services from the common fund, but the amount is subject to court approval."). While this Court of course has discretion to determine the reasonableness of the requested fee award, negotiated fee awards in class action settlements are strongly encouraged. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorneys' fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of the fee."); *accord Cohn v. Nelson*, 375 F. Supp. 2d 844, 854 (E.D. Mo. 2005) ("[W]here, as here, the parties have agreed on the amount of attorneys' fees and expenses, courts give the parties' agreement substantial deference.").

Class Counsel's request for attorneys' fees is supported under a percentage of common fund analysis which reflects that the proposed fee award is 7.4% of the combined common fund and common benefit. The proposed fee award, agreed to by the parties is supported by the Common Benefit doctrine, since Plaintiffs' successful litigation "confers a substantial benefit on members of an ascertainable class and where the court's jurisdiction over the subject matter of

3

the suit makes possible an award that will operate to spread the costs proportionately among them." *Hall v. Cole*, 93 S.Ct. 1943, 1946 (1973).

In this case, where the Settlement resulted in the creation of a $150,000 monetary Settlement Fund for the benefit of the Settlement Class and more than $5 million of debt relief, attorneys' fees are calculated based on a "reasonable percentage of the fund established for the benefit of the class." *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1242 (11th Cir. 2011) (citing *Camden I*, 946 F.2d at 774); *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1358 ("In the Eleventh Circuit, class counsel is awarded a percentage of the fund generated through a class action settlement.").

### III. THE VALUE OF THE SIGNIFICANT DEBT RELIEF BENEFIT MAY PROPERLY BE ADDED TO THE COMMON FUND'S VALUE TO SUPPORT PLAINTIFFS' FEE APPLICATION

Multiple courts have found that the amount of the debt relief provided as a common benefit to the Settlement Class is properly added to the value of a common fund when determining an attorney's fee award. *See e.g. Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 147 (E.D. Pa. 2000). In *Cullen* the Court approved a fee award as part of a class action settlement that provided for $5.97 million in cash and approximately $1.3 million in loan forgiveness, as well as additional non-monetary relief in the form of changes in defendant's procedures, and clearing plaintiffs' credit reports. The Court awarded attorney fees of $2.39 million comprising one-third of the settlement's value, based on a common fund analysis that valued the debt relief common benefit as part of the common fund. *Id.* at 146.

As was the case in *Cullen*, the settlement in the instant case includes measures aimed at repairing Class Member's credit; specifically, Defendant has agreed to file and record a Satisfaction of Judgment for appropriate Class Members. Although other non-monetary factors

4

cited by the *Cullen* court, the adjustments to defendant's procedures, are not present here as Defendant obtained the necessary license approximately one month before the initiation of this suit, Plaintiffs' Counsel have also requested a dramatically lower percentage of the common fund containing cash and debt relief. Indeed, Plaintiffs' Counsel calculate the fee to be 7.4% of the fund, and that a calculation of a reasonable fee based on hours expended would support a fee award that is close to the fee requested.

In *Cosgrove v. Citizens Auto. Fin., Inc.*, CIV.A. 09-1095, 2011 WL 3740809 (E.D. Pa. Aug. 25, 2011), the court agreed to a $1.25 million dollar award based on a common fund containing $2.9 million in cash and $7.75 million in debt forgiveness. Additionally, the Northern District of Illinois and the Southern District of California have each awarded fees based on a percentage of a common fund containing both cash and debt relief. *See Kim v. Riscuity, Inc.*, No. 06 C 01585 (N.D.Ill. 2007) ("It is well established that debt relief secured on behalf of class members is treated as a cash equivalent for purposes of both creating a common fund and determining attorneys fees" *Citing Cullen*) (Unreported)(Attached); *Smith, Casas, and Newmann v. CRST Van Expedited, Inc.*, No. 10-CV-1116 (So. D. Cal. 2013) (Including debt relief in "total financial benefit" to the class) (Unreported)(Attached).

The above-cited decisions, which add the value of debt relief to the common fund for purpose of calculating an attorney fee award, are consistent with Eleventh Circuit common fund case law. *Camden I* specifically states that attorneys should be paid from the common fund when "litigation indirectly confers substantial monetary or *nonmonetary* benefits on members of an ascertainable class". *Camden I* at 771 (emphasis added). Likewise, the Committee Note to Rule 23(h) provides the following guidance for determining fees under a common fund analysis, "the fundamental focus is the result actually achieved for class members." The debt relief to be

5

provided as part of the Settlement is not illusory. This is an actual result that every Settlement Class Member will receive and which has exceptional monetary value. The debt relief also presents Settlement Class Members with other significant value, including freedom from being subjected to continued debt collection activity---phone calls, letters, and lawsuits--- and the stress associated which often accompanies such activities. *See* 15 U.S.C. § 1692(a), (e); *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 996 (3d Cir.2011), *cert. denied,* ––– U.S. –––, 132 S.Ct. 1143, 181 L.Ed.2d 1030 (2012) (all noting that the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy). In this Settlement, the results are definite and ascertainable. The entire $150,000 Settlement Fund will be distributed to Settlement Class Members and more than $5 million of consumer debt will be forgiven.

The combination of monetary relief and debt relief proposed in the Settlement makes this settlement one of the largest, if not the largest, FDCPA and unjust enrichment class action settlement in the Eleventh Circuit. *See* Owens Decl., ¶ 22; Drysdale Decl. ¶ 7. Many approved FDCPA class actions provide modest recoveries for the Class.[1] The fact that this is a landmark

---

[1] *See Jancik v. Cavalry Portfolio Services, LLC*, Not Reported in F.Supp.2d, 2007 WL 1994026 at *11 (D. Minn. 2007) (certifying a class where potential recovery for class members was only $6.94); *Nichols v. Northland Grps., Inc.,* Nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 WL 897867, at *11 (N.D.Ill. Mar. 31, 2006) (certifying a class with potential recovery of only $13.40 per class member); *see also, Weber v. Goodman,* 9 F.Supp.2d 163, 171 (E.D.N.Y. 1998) (certifying a class where recovery for individual class members would be less than $2, noting that it was illogical that defendants would be subject to a class action lawsuit if they "had sent fewer allegedly unlawful letters"); *Abels v. JBC Legal Group,* 227 F.R.D. 541, 547 (N.D.Cal.2005) (finding that class litigation would be superior despite a finding that the class members might each only receive $0.25 in damages); *Hicks v. Client Services, Inc.*, 257 F.R.D. 699 (S.D. Fla. 2009) (certifying FDCPA class action wherein maximum recovery per class member would be $1.24).

FDCPA and unjust enrichment settlement further demonstrates the reasonableness of Plaintiffs' attorneys fees request.

**IV.     THE REQUESTED FEE SATISFIES THE *JOHNSON* FACTORS**

While there is no mandate that a particular percentage of the common fund be awarded as attorneys' fees, the Eleventh Circuit has found "that the majority of common fund fee awards fall between 20% to 30% of the fund . . . [and] directed district courts to view this range as a 'benchmark' which may be adjusted in accordance with the individual circumstances of each case, using the factors set forth in *Johnson v. Georgia Highway Expr., Inc.*, 488 F.2d 714 (5th Cir. 1974).[2] *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1294 (11th Cir. 1999) (internal quotations and citation omitted). The twelve "*Johnson* factors" are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is contingent; (7) the time limitations imposed; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Camden I*, 946 F.2d at 772.

Here, Class Counsel requests the Court approve the agreed-upon $380,000 in attorneys' fees, which represents 7.4% of the Settlement Fund and debt relief made available to the Settlement Class and, as discussed below, is eminently reasonable in light of the *Johnson* factors.

---

[2]   The benchmark, however, is just that, and fee awards often exceed this guidepost. *See, e.g., Wolff v. Cash 4 Titles*, No. 03-cv-22778, 2012 WL 5290155, at *6 (S.D. Fla. Sept. 26, 2012) (finding that 33% is the market rate in class actions); *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1341 (S.D. Fla. 2007) ("The 30% fee requested in this case is well in line with the bulk of the fee awards in class action litigation").

7

### A. Class Counsel Exerted a Great Deal of Time and Effort in This Case and Were Consequently Precluded from Accepting Other Employment.

The first, fourth, and seventh *Johnson* factors—the time and labor, preclusion of other employment, and time limitations imposed, respectively—are interrelated inquires and each support the reasonableness of Class Counsel's fee request. Class Counsel engaged in over three years of, at times, contentious and hard-fought litigation before reaching a Settlement. The tasks Class Counsel was required to perform in order to achieve the beneficial results of the Settlement included:

- An extensive pre-suit investigation of Plaintiffs' claims and the claims of the Settlement Class;
- The briefing of opposition to a motion to dismiss (DEs 27 and 28);
- Class and merits discovery, including the formal and informal production of information and documents, the Rule 30(b)(6) deposition of Defendant's designee and depositions of Plaintiffs;
- The briefing of a motion for class certification;
- The briefing of opposition to Defendant's partial summary judgment motion (Des 91 and 92);
- The preparation for and attending of two in-person mediations; and
- Extensive arm's-length settlement negotiations over the course of 2 months that culminated in a comprehensive settlement agreement offering exceptional relief.

These efforts required Class Counsel to spend over 500 hours representing Plaintiffs and the Class without compensation.[3] (Lehrman Decl. ¶¶ 6, 11 and Owens Decl. ¶ 19) In addition to the hours already expended, Class Counsel must still prepare briefing for the final fairness hearing, communicate with Class Members about the Settlement, and otherwise supervise the administration of the Settlement. (Lehrman Decl. ¶ 13.) Class counsel's expenditure of time on this case was reasonable given the nature of the litigation and the results obtained. (*See* Drysdale

---

[3] Although these Johnson factors involve a general consideration of attorney time and tasks performed, as this Court has stated, "[t]he Eleventh Circuit made clear in *Camden I* that percentage of the fund is the exclusive method for awarding fees in common fund class actions. . .[and] [t]he lodestar approach should not be imposed through the back door via a 'cross-check.;" *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1362.

Decl. ¶ 3)

During the time this case has been pending, Class Counsel had to forgo accepting other cases and was precluded from devoting time and resources to litigating other matters. (*Id.* ¶ 10.); *see also Yates v. Mobile Cnty. Pers. Bd.*, 719 F.2d 1530, 1535 (11th Cir. 1983) ("The expenditure of 1,000 billable hours—and often in significant blocks of time—necessarily had some adverse impact upon the ability of counsel for plaintiff to accept other work, and this factor should raise the amount of the award."); *see also Stalcup v. Schlage Lock Co.*, 505 F. Supp. 2d 704, 708 (D. Colo. 2007) (noting that "the *Johnson* court concluded that priority work that delays a lawyer's other work is entitled to a premium"). Accordingly, the amount of time and labor devoted to this case supports the reasonableness of Class Counsel's fee request.

**B.   The Case Involved Difficult Issues and the Risk of Nonpayment and Not Prevailing on the Claims Was High.**

The second, sixth, and tenth *Johnson* factors—the novelty and difficulty of the questions, whether the fee is contingent, and the "undesirability" of the case, respectively—are also interrelated and support the requested fee award. "A determination of a fair fee for Class Counsel must include consideration of the contingent nature of the fee, the wholly contingent outlay of out-of-pocket sums by Class Counsel, and the fact that the risks of failure and nonpayment in a class action are extremely high." *Pinto*, 513 F. Supp. 2d at 1339. "A contingency fee arrangement often justifies an increase in the award of attorney's fees." *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1364 (citing *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1335 (S.D. Fla. 2001)). Ultimately, "attorneys' risk is perhaps the foremost factor in determining an appropriate fee award." *Francisco v. Numismatic Guar. Corp. of Am.*, No. 06-cv-61677, 2008 WL 649124, at *14 (S.D. Fla. Jan. 31, 2008) (citing *Pinto*, 513 F. Supp. 2d at 1339).

As evidenced by the Court dismissing Plaintiff Matute's unjust enrichment claims [DE

9

44], dismissing the Florida Consumer Protection Act claims [*Id*.], and confronting a defense partial summary judgment motion (DEs 79 and 80), this case has considerable risk. First, Class Counsel's representation of Plaintiffs and the Classes has been on a purely contingent basis, which necessarily assumed the significant risk that they would not be compensated for the 505.6 hours in time and thousands of dollars in out-of-pocket expenses that they put into the case. (Lehrman Decl. ¶¶ 5-7, 10 and Owens Decl. ¶¶ 19 and 24)

Although Class Counsel were able to achieve an excellent result for Settlement Class Members, this outcome was far from certain when Class Counsel agreed to the representation, and thus, this factor weighs in favor of approving the requested fee. *See In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1364 ("Undesirability and relevant risks must be evaluated from the standpoint of plaintiffs' counsel as of the time they commenced the suit, not retroactively, with the benefit of hindsight") (citing *Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.* 540 F.2d 102, 112 (3d Cir. 1976)).

**C.     Class Counsel Achieved an Excellent Result for Settlement Class Members.**

The eighth and most significant *Johnson* factor looks to the amount involved in the litigation with particular emphasis on the "monetary results achieved" in the case by Class Counsel. *See Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1202 (S.D. Fla. 2006).

Here, the creation of a $150,000 Settlement Fund and a common benefit of more than $5 million of debt relief weigh strongly in favor of approving the requested fee. First, the 969 Settlement Class Members will each receive $142.85. (*See* Kernick Decl., ¶ 16) This recovery is significant when compared to many other approved FDCPA class action cases, including those that approved recoveries of $1.24, $2, $6.94, and $13.40 per class member. *See Hicks*, *supra*, at

10

699; *Jancik,* at *11; and *Nichols*, at *11.

While this factor typically focuses on the monetary relief obtained, the significant common benefit of $5 million of debt relief provided to Settlement Class Members should not be discounted. *See Hall v. Cole*, 412 U.S. 1, 5 n.7 (1973) (noting the common fund doctrine "must logically extend, not only to litigation that confers a monetary benefit on others, but also litigation which corrects or prevents an abuse which would be prejudicial to the rights and interests of those others." (citation omitted). The Settlement is extraordinary because it provides class-wide relief over a four year period, despite the FDCPA's one year limitations period and does so without requiring class members to submit claims forms. (Drysdale Decl. ¶ 5, 6) Here, the common benefits obtained for Settlement Class Members adds to the exceptional benefits afforded by the Settlement and further favors approval of the agreed-upon fee.

> **D. The Requested Fee is Consistent With Those Awarded in Other Similarly Complex Class Settlements in This Circuit.**

The fifth and twelfth *Johnson* factors, the customary fee and awards in similar cases, respectively, also support a finding that the agreed-upon fee request—which amounts to 7.4% of the Settlement Fund and debt relief—is reasonable. Indeed, this fee request of 7.4% falls below the 20%-30% benchmark range in this Circuit. *Waters*, 190 F.3d at 1294. *See, e.g., In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1365 (finding that a 30% fee is customary in class action cases); *Wolff*, 2012 WL 5290155 at *6 (finding that 33% is the market rate in class actions); *Pinto*, 513 F. Supp. 2d at 1341 ("The 30% fee requested in this case is well in line with the bulk of the fee awards in class action litigation"); *Allapattah*, 454 F. Supp. 2d at 1204 (S.D. Fla. 2006) (awarding 31.3% of fund).

Accordingly, this factor further favors Class Counsel's request for 7.4% of the common

11

fund and debt relief.

### E. A High Level of Skill Was Required to Perform the Legal Services Properly.

The remaining *Johnson* factors—the skill required to perform the legal service properly and the experience, reputation, and ability of the attorneys—confirm that the requested fee is reasonable. As discussed above, Class Counsel were able to successfully resolve this case through a settlement that confers substantial monetary and debt relief to Settlement Class Members despite litigating against a well-financed Defendant employing top-tier counsel from a national law firm. (Lehrman Decl. ¶ 7); *see also In re Sunbeam Sec. Litig.,* 176 F. Supp. 2d at 1334 ("In assessing the quality of representation, courts have also looked to the quality of the opposition the plaintiffs' attorneys faced").

This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. Indeed, Class Counsel regularly engages in major complex litigation involving consumer issues and have frequently been appointed class counsel by courts throughout the country. (*See* Plaintiffs' Motion for Final Approval, Firm Resume of Farmer Jaffe Weissing, attached to the Lehrman Decl., Exhibit 1 and Owens Decl. ¶¶ 4, 5, 16, 17)

Class Counsel used their extensive experience to effectively investigate, prosecute, and settle the claims at issue here, and the results achieved are in line with or exceed those obtained in similar cases.

### V. THE AGREED-UPON INCENTIVE AWARD TO PLAINTIFFS SHOULD BE APPROVED

Finally, the Court must consider whether to approve the requested $10,000 Incentive Award to each of the two named-Plaintiffs (Matute and McDonald) in recognition of their roles as Class Representatives. Courts consistently find it appropriate to provide a named class

representative with an incentive award for the benefits they have conferred upon the rest of the class. *See Allapattah*, 454 F. Supp. 2d at 1218-19; *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 374 (S.D. Ohio 1990) (awarding two incentive awards of $55,000 and three incentive awards of $35,000); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985) (awarding incentive awards of $20,000 to each of two plaintiffs). Courts within the Eleventh Circuit frequently approve incentive awards of $10,000 or more. *See e.g. Nelson v. Mead Johnson & Johnson Co.*, 484 Fed. Appx. 429, 432 (11th Cir. 2012)(unpublished) (awarding $10,000 incentive award); *Ingraham v. The Coca Cola Co.*, 200 F.R.D. 685, 694 (N.D.Ga. 2001) (approving $300,000 incentive awards); *Su v. Electronic Arts, Inc.*, 2006 WL 4792780, *5 (M.D.Fl. 2006).

Incentive awards are intended to "compensate named Plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Allapattah,* 454 F. Supp. 2d at 1218-19 (quoting *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001)). Here, the agreed-upon incentive award of $10,000 to each Class Representative is entirely reasonable because Ms. Matute's and Mr. McDonald's involvement in the litigation was essential to the ultimate success of the settlement. Further, the requested incentive awards are level with awards approved in similar class action settlements. *See, e.g.*, *Johansson-Dohrmann*, No. 12-CV-1115, 2013 WL 3864341 at *12 (approving incentive award of $5,000 to class representative in a data breach action).

Throughout the extensive litigation, there was never any pre-arrangement or discussion of an award or the potential for an award in exchange for Ms. Matute's or Mr. McDonald's involvement in this lawsuit. (Owens Decl. ¶ 17.) Nevertheless, the Class Representatives dedicated their time and effort to pursuing the claims on behalf of class members, exhibiting a

willingness to participate and undertake the responsibilities and risks attendant with bringing a representative action. (*Id*. ¶ 18.) From start to finish, each Class Representative aided in the investigation of the claims, consulting with Class Counsel, participating in formal and informal discovery, and contributing to the mediation efforts. Significantly, Ms. Matute and Mr. McDonald assisted counsel in responding to discovery requests, prepared for and attended depositions, and attended mediation. (*Id*.) Furthermore, the Class Representatives readily agreed to the Settlement without demanding any incentive award for their efforts. (*Id*.¶ 17.) But for the Class Representatives' tireless participation in this litigation, the substantial benefit to the class achieved through the settlement would not likely have resulted. Accordingly, Class Counsel requests that the Court approve the requested incentive award of $10,000 each for Ms. Matute and Mr. McDonald.

## V.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court find that the requested attorneys' fees, expenses and incentive awards are reasonable, enter the Proposed Order that will be separately submitted with the Final Approval briefing granting the requested attorneys' fees and incentive award, and award such further relief the Court deems reasonable and just.

Dated July 2, 2014                                          Respectfully submitted,

By: *s/ Seth Lehrman*
Seth M. Lehrman FLBN 132896
E-mail: seth@pathtojustice.com
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone:  954-524-2820
Facsimile: 954-524-2822

                                         Scott D. Owens FLBN 0597651
                                         E-mail: scott@scottdowens.com
                                         SCOTT D. OWENS, P.A.
                                         664 East Hallandale Beach Boulevard
                                         Hallandale, Florida 33309
                                         Telephone: 954-589-0588
                                         Facsimile: 954-337-0666

                                         **Plaintiffs' and Class Counsel**

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF on this 2nd day of July, 2014 on all counsel or parties of record on the Service List below.

                                         By: *s/ Seth Lehrman*
                                               Seth Lehrman

## SERVICE LIST

Michele L. Stocker, Esq.
E-mail: stockerm@gtlaw.com
Linda M. Reck, Esq.
E-mail: reckl@gtlaw.com
Greenberg Traurig, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: 954-765-0500
Facsimile: 954- 765-1477

Attorneys for Defendant Main Street Acquisition Corp.